1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

VINCENT CONSOLIDATED
COMMODITIES, INC.,

                              Plaintiff,

   v.

AMERICAN TRADING AND
TRANSFER, LLC, et al.,

                              Defendants.

Case No. 07-CV-20 W (LSP)

**ORDER DENYING
MOTION TO DISMISS**

On January 3, 2007, Plaintiff Vincent Consolidated Commodities, Inc. ("Vincent") commenced this action for breach of contract, unjust enrichment, and fraud against Relaser, Inc. ("Relaser"), among others. On March 28, 2007, Relaser filed a motion to dismiss for failure to state a claim upon which relief can be granted or for a more definite statement under Federal Rule of Civil Procedure 12(b)(6) and 12(e).

The Court decides the matter on the papers submitted without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **DENIES** the motion to dismiss with respect to the breach of contract and fraud claims, **GRANTS** the motion to dismiss with respect to the claim of unjust enrichment, and **DENIES** the motion for a more definite statement.

1    I.      Background

2           The facts as Vincent alleges them are as follows.  Vincent is a Wisconsin

3    corporation in the business of buying and reselling commodities in bulk.  (Compl. at ¶

4    2.)  Saint Simons Trading Co. ("St. Simons"), a Michigan corporation, American

5    Trading and Transfer, LLC, a California limited liability company, and Relaser, a

6    California corporation, also all buy and trade commodities, including non-fat dry milk.

7    (Id. at ¶¶ 3–5.)

8           In the dairy industry, a chain of intermediaries effectuates milk sales and

9    purchases through a series of oral and written agreements.  (Compl. ¶ 9.)  On or about

10   March 2006, the four parties entered into a series of agreements (collectively, the

11   "Agreement").  Vincent and St. Simons agreed to purchase from Relaser, through

12   American Trading, 10 loads of food-grade non-fat dry milk (the "Milk").  (Id. ¶ 10.)

13   Relaser agreed to provide the Milk to St. Simons and Vincent through American

14   Trading, evidenced by a purchase order placed with St. Simons.  (Id. ¶ 12.)  Vincent

15   claims as assignee of St. Simons' rights under the Agreement.  (Id. ¶ 13.)

16          Relaser required pre-payment of the Milk price. (Compl. ¶ 16.)  Relying on the

17   purchase order, Vincent wire-transferred $201,041.20 (the "Payment") to American

18   Trading on or about March 16, 2006.  (Id.)  American Trading promptly forwarded the

19   Payment to Relaser.  (Id.)  But Relaser never had a contract to obtain the Milk, and

20   Gary Wetter, on behalf of Relaser, failed to inform Vincent or St. Simons that Relaser

21   had no intention of obtaining a contract, allegedly aware that the information was

22   material to Vincent.  (Id. ¶¶ 13–15, 17.)

23          The Milk has yet to be delivered despite repeated demands for it.  (Compl. ¶ 18.)

24   Vincent has only received $12,579.80 from American Trading, and the Payment

25   transferred to Relaser through American Trading has not been returned to Vincent,

26   despite repeated demands for it.  (Id. ¶ 19.)  Vincent has been unable to meet its

27   obligations to its customers, forced to refund the commissions they would have

28   otherwise earned on the sale (about $35,000), and lost goodwill and profits.  (Id. ¶ 20.)

1   On January 3, 2007, Vincent filed this action against American Trading, Gary
2   Wetter, and Relaser, Inc. for breach of contract, unjust enrichment, and fraud.  On
3   March 28, 2007, Relaser filed a motion to dismiss for failure to state a claim upon which
4   relief can be granted or for a more definite statement under Federal Rule of Civil
5   Procedure 12(b)(6) and (e).

6

7   **II.   Legal Standards**

8   Under Rule 12(b)(6), the court may dismiss a cause of action for failure to state
9   a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss
10  under  Rule 12(b)(6) tests the complaint's sufficiency.  See N. Star Int'l v. Ariz. Corp.
11  Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of a claim according to this rule
12  is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963,
13  966 (9th Cir. 1981).  A complaint may be dismissed as a matter of law for two reasons:
14  (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory.
15  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

16  As the Supreme Court recently explained, "[w]hile a complaint attacked by a
17  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
18  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
19  and conclusions, and a formulaic recitation of the elements of a cause of action will not
20  do." Bell Atl. Corp. v. Twombly, 550 U.S. – – –, – – –, 127 S.Ct. 1955, 1964 (2007).
21  Rather, the allegations in the complaint "must be enough to raise a right to relief above
22  the speculative level."  Id. at 1964–65.  Additionally, all material allegations in the
23  complaint, "even if doubtful in fact," are assumed to be true.  Id.  The court must
24  construe all factual allegations in the complaint and all reasonable inferences therefrom
25  in the plaintiff's favor.  Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002);
26  Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

27  A complaint alleging fraud must meet the particularity requirements of Federal
28  Rule of Civil Procedure 9(b) as well.  A plaintiff must specifically identify the allegedly

fraudulent statements or acts of fraud.  <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994).  The plaintiff must plead facts such as the dates, times, places, and persons associated with each misrepresentation or act of fraud.  <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1548–49 n.7 (9th Cir. 1994) (<i>en banc</i>) (superseded by statute on other grounds); <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993).

## III.  Discussion

### A.  Vincent pleaded sufficient facts to support the breach of contract claim.

Relaser contends that Vincent did not plead sufficient facts for a breach-of-contract claim. (Def.'s Mem. of P. & A. at 6.)  Relaser argues that Vincent's complaint fails to plead whom it contracted with and the terms of the contract.  (<u>Id.</u>) Furthermore, Relaser argues that Vincent failed to quote the terms of the purchase order or attach the order to the complaint to show that a contract existed.  (<u>Id.</u> at 3.)

The elements for a breach of contract claim are (1) the existence and terms of the contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages.  <u>Student Loan Mktg. Ass'n v. Kathryn Jane Hanes</u>, 181 F.R.D. 629, 633 (S.D. Cal. 1998); <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001).  Vincent responds that its complaint states all four elements: (1) Relaser entered a contract to provide the Milk when they signed the purchase order, (2) Vincent paid over $200,000 for the Milk, (3) Relaser never sent the Milk, and (4) Vincent has suffered damages as a result of this breach.  (Pl.'s Mem. in Opp'n at 5.)

Assuming the truth of all factual allegations, Vincent adequately pleads a case for breach of contract.  Vincent's failure to attach the contract or purchasing order to the complaint does not render the claim invalid because Rule 8 requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>See Fannuchi & Limi Farms v. United Agri Prods.</u>, 414 F.3d 1075, 1082 (9th Cir. 2005). Notice pleading means Vincent need not have attached a contract. <u>See id.</u>  Therefore, the court will **DENY** the motion to dismiss the breach-of-contract claim.

1   **B.      Unjust enrichment is not an independent cause of action.**

2          Vincent also asserts an independent cause of action for unjust enrichment.

3   (Compl. ¶¶ 30–31.)  But, as numerous courts have held, "[t]here is no cause of action

4   in California for unjust enrichment." Melchior v. New Line Prod., Inc., 131 Cal. Rptr.

5   2d 347 (Cal. Ct. App. 2003).  "Unjust enrichment . . . is synonymous with restitution."

6   Dinosaur Dev., Inc. v. White, 265 Cal. Rptr. 525, 527 (Cal. Ct. App. 1989).  Unjust

7   enrichment is another word for the remedy of restitution, not a cause of action. Walker

8   v. U.S.A. Cas. Ins. Co., 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2003); Lauriedale Assoc.,

9   Ltd. v. Wilson, 9 Cal. Rptr. 2d 774, 780 (Cal. Ct. App. 1992) ("[A]ppellants have

10  mischaracterized the legal theory underlying their cause of action.  The phrase 'Unjust

11  Enrichment' does not describe a theory of recovery, but an effect: the result of a failure

12  to make restitution . . . .").

13         Although at least one California appellate court has held that unjust enrichment

14  is a cause of action, see Lectodryer v. Seoulbank, 91 Cal. Rptr. 2d 881, 884 (Cal. Ct.

15  App. 2000), the California Supreme Court has merely mentioned a "cause of action for

16  unjust enrichment" in passing while discussing the remedy of restitution, see  Ghirardo

17  v. Antonioli, 14 Cal. 4th 39, 51–52 (1996).  Ghirardo, however, cites the Restatement

18  of Restitution to develop its holding.  Id.  ("Under the law of restitution, an individual

19  may be required to make restitution if he is unjustly enriched at the expense of

20  another.").  According to the Restatement, one may recover restitution damages in a

21  contract action.  Restatement (First) of Restitution § 5 (1937).  Thus, if Vincent seeks

22  recovery for unjust enrichment, it need only include the request in its prayer for relief.

23         Because California does not recognize a separate claim for unjust enrichment, the

24  court will **GRANT** Relaser's motion to dismiss without leave to amend.

25

26  **C.      Vincent met the heightened pleading standard for the fraud claim.**

27         Relaser also argues that the complaint fails to allege specific facts showing that

28  Relaser fraudulently induced Vincent to pay for the Milk.  (Def.'s Mem. of P. & A. at

1    3–4.)  Specifically, Relaser contends that Vincent's allegations are "conclusory and

2    inadequate legal characterizations amounting to unsupportable conclusions."  (<u>Id.</u>)

3    Relaser also argues that Vincent has failed to meet the heightened pleading

4    requirements for fraud under Rule 9(b).  (<u>Id.</u>)

5          The elements of a fraud claim are (1) concealment or misrepresentation of

6    material fact; (2) knowledge of falsity when made; (3) intent to defraud the plaintiff; (4)

7    plaintiff's justifiable reliance; and (5) resultant damage to the plaintiff.  <u>S. Tahoe Gas</u>

8    <u>Co. v. Hoffman Land Improvement Co.</u>, 102 Cal. Rptr. 286, 296 (Cal. Ct. App. 1972).

9    In the complaint, Vincent alleges all five elements: (1) Relaser, through its agent

10   Wetter, misrepresented the existence of an enforceable contract to obtain Milk, (2)

11   knowing that no contract existed, (3) without an intent to enter into a contract, (4)

12   Vincent relied on the misrepresentation and sent the Payment, and as a result, (5)

13   suffered monetary and reputation damages.  (Compl. ¶¶ 34–39.)

14         Complaints alleging fraud must also meet the pleading requirements of Rule 9(b),

15   which provides that "[i]n all averments of fraud or mistake, the circumstances

16   constituting fraud or mistake shall be stated with particularity."  Rule 9(b) thus imposes

17   two separate requirements on complaints alleging fraud.  First, a plaintiff must

18   specifically identify the allegedly fraudulent statements or acts of fraud.  <u>Kaplan</u>, 49 F.3d

19   at 1370.  This requires the plaintiff to plead evidentiary facts such as the dates, times,

20   places and person associated with each misrepresentation or act of fraud.  <u>GlenFed</u>, 42

21   F.3d at 1548 n.7.  Here, Vincent alleges that in March 2006, Relaser, through its agent

22   Wetter, entered into an agreement with Vincent and St. Simons to provide Milk,

23   evidenced by a purchase order, and intentionally misrepresented the existence of an

24   enforceable contract to acquire the Milk.  (Compl. ¶¶ 10–18.)

25         Second, where the act of fraud is based on a misrepresentation, the plaintiff must

26   demonstrate that the statement was false or misleading *at the time it was made*.  <u>GlenFed</u>,

27   42 F.3d at 1549.  For this reason, "a plaintiff must set forth, as part of the circumstances

28   constituting fraud, an explanation as to why the disputed statement was untrue or

1  misleading *when made* [which] can be done most directly by pointing to inconsistent
2  contemporaneous statements or information . . . which were made by or available to the
3  defendants." Id.  Here, Vincent alleges that "at the time the Agreement was entered,
4  Relaser did not have possession of an enforceable contract to purchase the Milk and had
5  no intention of obtaining the Milk to fill the order when it accepted the Purchase
6  Order." (Compl. ¶ 14.)  Assuming the truth of these allegations, this paragraph
7  establishes contemporaneous falsehood on its face.

8       Rule 9(b) also prohibits fraud allegations directed at groups of people and requires
9  the plaintiff to specify the role of each defendant involved in the fraudulent activity.
10  Bruns v. Ledbetter, 583 F. Supp. 1050, 1052 (S.D. Cal. 1984); see also In re Worlds of
11  Wonder Sec. Litig., 694 F. Supp. 1427, 1433 (N.D. Cal. 1988) ("Each defendant is
12  entitled to know what misrepresentations are attributable to them and what fraudulent
13  conduct they are charged with.").  Here, Vincent has specified the role of Relaser in the
14  fraudulent activity.  As stated above, Vincent alleges that Relaser did not have
15  possession of a contract to purchase the Milk, and that Relaser had no intention of
16  obtaining the Milk to fill the order, despite its agreement to provide Milk to Vincent.
17  (Compl. ¶¶ 10–12, 14.)

18       Because Vincent has stated facts upon which relief can be granted and met the
19  heightened pleading standard for fraud, the court will **DENY** Relaser's motion to dismiss
20  the fraud claim.

21

22  **D.    Relaser has a sufficient basis to form a responsive pleading.**

23       Relaser argues that Vincent's complaint is vague, ambiguous, and should be pled
24  with more specificity under Rule 12(e).  (Def.'s Mem. of P. & A. at 6.)  Rule 12(e)
25  provides that "if a pleading . . . is so vague or ambiguous that a party cannot reasonably
26  be required to frame a responsive pleading, the party may move for a more definite
27  statement before interposing a responsive pleading."  Motions for a more definite
28  statement are generally viewed with disfavor and are rarely granted.  Cellars v. Pac.

07cv20

1   <u>Coast Packaging, Inc.</u>, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  The test in evaluating
2   a 12(e) motion is whether the complaint provides the defendant with a sufficient basis
3   to frame a responsive pleading.  <u>Fed. Sav. & Loan Ins. Corp. v. Musacchio</u>, 695 F. Supp.
4   1053, 1060 (N.D. Cal. 1988).  The court will require a more definite statement only
5   when the pleading is "so vague or ambiguous that the opposing party cannot respond,
6   even with a simple denial, in good faith or without prejudice to himself."  <u>Delta Educ.,</u>
7   <u>Inc. v. Langlois</u>, 719 F. Supp. 42, 50 (D.N.H. 1989); <u>Bureerong v. Uvawas</u>, 922 F. Supp.
8   1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be
9   granted unless the defendant literally cannot frame a responsive pleading."); <u>Sagan v.</u>
10  <u>Apple Computer, Inc.</u>, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("[B]ecause of
11  minimal pleading requirements of the Federal Rules . . . [p]arties are expected to use
12  discovery, not pleadings, to learn specifics of the claims being asserted.").

13        Here, it cannot be said that Vincent's complaint is so "vague and ambiguous" that
14  Relaser cannot reasonably frame a responsive pleading.  Relaser has demonstrated the
15  sufficiency of the complaint by disputing several factual assertions in its motion to
16  dismiss.  <u>See</u> Def.'s Mem. of P. & A. ("Relaser did not contract at all with Plaintiff or
17  St. Simons.") ("Plaintiff did not pay $210,041.20 for the Milk.") (Relaser made no
18  representation to and/or contracts with Plaintiff or St. Simons whatsoever.").  Together,
19  these assertions could easily form a responsive pleading.  Relaser can use discovery to
20  learn the specifics missing from the "short and plain" complaint, after filing a responsive
21  pleading.  Because Relaser can frame a responsive pleading without causing undue
22  prejudice to itself, the court will **DENY** its motion for a more definite statement.

23  //
24  //
25  //
26  //
27  //
28  //

**III.    <u>Conclusion</u>**

In light of the foregoing, the court **DENIES** Relaser's motion to dismiss with respect to the breach of contract and fraud claims, **GRANTS** the motion to dismiss with respect to the claim of unjust enrichment, and **DENIES** the motion for a more definite statement.


**IT IS SO ORDERED.**


DATED:  July 24, 2007

Hon. Thomas J. Whelan
United States District Judge

07cv20